ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE BROWN,<br><br>　　　　　Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER FRANK FRANK CHUNG, POLICE OFFICER CLIVE THOMAS, and DOES 1-10,<br><br>　　　　　Defendants. | 12 Civ. 5602 (ILG)(SMG)<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Stephanie Brown, by her attorney, John M. Lambros, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action arises from the deprivation of Plaintiff's rights guaranteed to her under the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the statutory and common laws of New York State, and the New York State Constitution.

## JURISDICTION

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the allegations contained in this Complaint arose in Kings County, New York.

## PARTIES

4. Plaintiff resides in Kings County, New York.

5. Defendant Police Officer Frank Chung is employed by New York City at PSA1 in Brooklyn.

6. Defendant Police Officer Clive Thomas is employed by New York City at PSA 1 in Brooklyn.

7. Defendant the New York City Police Department ("NYPD") is a duly authorized public authority and/or police department, authorized to perform all functions of a police department as allowed by the State of New York.

8. Defendants Does 1 through 10 are yet-to-be identified individuals with the NYPD and are sued in their individual, official, and supervisory capacities.

9. At all times hereinafter mentioned, the individual defendants, either personally or through their agents, were acting within the scope of their employment and under color of state law and/or in compliance with and in furtherance of the official rules, regulations, laws, customs, usages and/or practices of the City of New York and the NYPD. All of the acts of NYPD officers complained of herein were committed by one or more of the aforementioned defendants. Plaintiff is presently without sufficient knowledge or information to particularize the specific acts of individual defendants.

## FACTS

10. On or around June 6, 2011, Plaintiff and her minor child were traumatized by being arrested for trying to get their clothes from her sister's apartment. Her sister,

2

Laura Jinks, kicked Claimant, her mother, and two children out on the street. Claimant was arrested for simply pleading with her sister to get her clothes out of her sister's apartment. Plaintiff did not use force and was not unruly. Plaintiff complained of chest pains and is a type 2 diabetic with an enlarged heart while the officers were present. She informed the officers of this condition, but they took no action to prevent harm to Plaintiff. The officers left Plaintiff in handcuffs for eight hours. Afterwards, the officers escorted Plaintiff for Long Island College Hospital. Plaintiff's son was left with other inmates as his mother went into shock. Plaintiff and her minor child were released on June 7, 2011. A few days later, Plaintiff suffered a TSA mini stroke and later was hospitalized. All charges against Plaintiff were dismissed.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)

11. Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as though fully set forth herein.

12. As a result of defendants' individual and collective acts, Plaintiff was unlawfully detained and searched in violation of her civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of her rights under the statutory and common laws of New York State and the New York State Constitution.

13. Plaintiff suffered injuries due to defendants' deliberate indifference to plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Plaintiff was demonstrably in need of medical attention, which the officers withheld for more than eight hours. The Officers were aware of Plaintiff's condition and acted out of

3

malice. Moreover, the City failed to adequately train, supervise, and/or discipline members of the police department and said indifference resulted in the violation of Plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

14. Plaintiff was injured by defendants because their acts were perpetrated based on custom, usage, patterns, and policies instituted by the municipal policymakers and resulting in violations of Plaintiff's civil rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

15. Specifically, reviewing the totality of the circumstances, the individual defendants' decisions to search Plaintiff lacked any legal justification. Moreover, the decision to deprive Plaintiff of needed medical attention was particularly untenable.

16. The City's training and supervision policies were (and continue to be) constitutionally inadequate. "While New York City pays the Police Department's skyrocketing legal bills, the department makes almost no effort to learn from lawsuits brought against it and its officers. The department does not track which officers were named, what claims were alleged or what payouts were made in the thousands of suits brought each year. What's more, officers' personnel files contain no record of the allegations and results of lawsuits filed against them." Joanna C. Schwartz, *Watching the Detectives*, N.Y. TIMES, June 16, 2011 at A35 (reporting on a study of police misconduct cases conducted by New York's Comptroller, John C. Liu.). Accordingly, the City deliberately provides officers with no incentive to avoid Constitutional violations.

17. Plaintiff was injured because the defendants failed to intervene to stop the illegal acts perpetrated against Plaintiff and conspired against Plaintiff, and, as a result, violated Plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Here, not one of the numerous officers at the scene intervened to stop the humiliating treatment of Plaintiff. Because New York City has notice of, but has repeatedly failed to make any meaningful investigation into charges that its employees were violating citizens' constitutional rights, it is further exposed to *Monnell* liability.

18. Damages from Plaintiff's detention, which was in violation of the Fourth Amendment, are presumed. Plaintiff will seek damages for her physical injuries and emotional distress. Where the plaintiff, as here, was indisputably deprived of her liberty, and the conduct of the defendant responsible for the deprivation is unlawful (*e.g.*, humiliating strip search), the plaintiff is entitled to not merely nominal, but compensatory damages.[1]

19. Because there is Constitutional injury—*i.e.*, unlawful search and seizure—and there is no genuine dispute that the violation resulted in injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law, which are to be determined by a jury.[2]

20. Plaintiff also seeks damages for emotional distress and humiliation, economic damages, and punitive damages to be determined by a jury. Plaintiff also seeks attorneys' fees.

---

[1] *See Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004).

[2] *Id.*

## SECOND CAUSE OF ACTION

(False Imprisonment)

21. Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as though fully set forth herein.

22. As a result of defendants' individual and collective acts, Plaintiff was subjected to unlawful imprisonment in violation of her rights under the laws of the State of New York.

23. As a result of defendants' actions and/or inaction, Plaintiff now suffers from severe emotional distress. Plaintiff also seeks costs and fees to be determined by the Court or a jury.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and collectively for the following:

a) Compensatory damages to be determined by a jury for pain and suffering, mental anguish, and deprivation of liberty;

b) Punitive damages to be determined by a jury for defendants' intentional, reckless, outrageous and illegal conduct;

c) Reasonable attorneys' fees and costs;

d) Economic damages;

e) Injunctive and declaratory relief; and

f) Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all issues pursuant to Fed. R. Civ. P. 38(b).

Dated: New York, NY
       May 13, 2013

**LAW OFFICE OF JOHN M. LAMBROS**

By: _____
John M. Lambros (JL1265)
40 Wall Street, 28th Floor
New York, NY 10005
Telephone: (212) 430-6474
Facsimile: (212) 208-2933
John@Lambroslawfirm.com